UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHERRI SMITH,

    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.

Case No. _____
JUDGE _____
Magistrate Judge _____

## PLAINTIFF'S ORIGINAL COMPLAINT, REQUEST FOR DISCLOSURE and JURY DEMAND

1. NOW COMES SHERRI SMITH, hereinafter referred to as "Plaintiff", and brings this action against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, hereinafter referred to as "Defendant."

2. Plaintiff brings this action to secure all disability benefits, whether they be described as short-term and/or long-term benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3. Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff. The policy at issue can be identified as Policy Number 0000101338910000 for long-term disability.

## I. PARTIES

4. Plaintiff is a citizen and resident of Franklin County, Ohio.

5. Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent,

1

Corporation Service Company, addressed at 3366 Riverside Drive, Suite 103, Upper Arlington, OH 43221.

## II. JURISDICTION AND VENUE

6. This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Ohio and Defendant, a foreign corporation is authorized to do business in the State of Ohio.

7. The disability policy at issue in the case was issued in the State of Ohio.

## III. THE CLAIM ON THE POLICY

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective January 1, 2011.

9. Plaintiff is a 66-year-old woman previously employed as a "Community Operations Assistant".

10. Community Operations Assistant is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 7 and considered to be skilled work.

11. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on July 22, 2021, as on this date Plaintiff suffered from adjustment disorder with mixed anxiety and depression.

12. Plaintiff alleges she became disabled on July 23, 2021.

13. Plaintiff filed for short-term disability benefits with Defendant.

14. Short-term disability benefits were denied.

15. Plaintiff filed for long-term disability benefits through the Plan administered by the Defendant.

16. Defendant denied long-term disability benefits under the Plan pursuant to a letter to Plaintiff dated January 6, 2023. Said letter allowed Plaintiff 180 days to appeal this decision.

17. At the time Defendant denied Plaintiff long-term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation".

18. If granted the Plan would pay monthly benefits of $1,950.00.

19. Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative reviews of the denial of benefits.

20. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

21. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of her own and any other occupation as defined by the Plan.

22. On August 23, 2023, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long-term disability premium benefits.

23. Defendant also notified Plaintiff on August 23, 2023 that Plaintiff had exhausted her administrative remedies.

24. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

25. Plaintiff has now exhausted her administrative remedies.

## IV. MEDICAL FACTS

26. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

27. Plaintiff suffers from anxiety; depression; anhedonia; fatigue; panic; disordered sleep; diminished focus or concentration; crying; sadness; frustration; anger; and impaired inhibition and emotional regulation.

28. Treating physicians document ongoing disabilities and the continued pain that requires ongoing pain management.

29. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

30. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

31. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

32. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

33. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

34. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on

a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

35. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

36. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

37. As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

38. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

39. On or about October 25, 2021, Defendant's internal consultant, Leigh W., LICSW, performed a paper review of Plaintiff's claim file.

40. On or about December 14, 2021, Defendant's internal consultant, Amy M., RN, CCM, nurse disability consultant, performed a paper review of Plaintiff's claim file.

41. On or about July 8, 2022, Defendant's internal consultant, Billiejo M. RN, nurse disability consultant, performed a paper review of Plaintiff's claim file.

42. On or about November 4, 2022, Defendant's internal consultant, Phyllis T. RN, MSN, CCM, nurse disability consultant, performed a paper review of Plaintiff's claim file.

43. On or about July 19, 2022, Defendant's paid consultant, Eric Michael Chavez, M.D. (Dr. Chavez), psychiatry, performed a peer review of Plaintiff's claim file.

44. Dr. Chavez's report is misleading, biased, and result driven in that he failed to review all relevant medical records. The report ignores or is contrary to controlling medical authority. The report fails to specify the medical standard upon which it relies. The report is based on faulty or incorrect information.

45. Further, Dr. Chavez failed to consider all the Plaintiff's illnesses. The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the Policy.

46. On or about July 6, 2023, Defendant's internal consultant, Scott Lurie, M.D. (Dr. Lurie), psychiatry, performed a paper review of Plaintiff's claim file.

47. Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Lurie. Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period, and with more knowledge of Plaintiff's condition.

48. Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

49. Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

50. Defendant has failed to properly apply the definition of disability.

51. Defendant has failed to consider the side effects of Plaintiff's medication.

6

52. Defendant's consultants completed their reports without examining Plaintiff.

53. On August 23, 2023, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long-term disability benefits.

54. Defendant also notified Plaintiff on August 23, 2023, that Plaintiff had exhausted her administrative benefits.

55. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

56. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant period. Notably, the Social Security Administration's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

57. Defendant was provided with documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act. Defendant has unreasonably ignored the Social Security Administration determination that Plaintiff is disabled.

58. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

59. Defendant's determination was influenced by its conflict of interest.

60. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

61. The long-term disability Plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

62. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

63. More information promotes accurate claims assessment.

64. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

65. Defendant's report of secret video tape surveillance does not accurately describe what is on the tape.

66. Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

67. Plaintiff repeats and re-alleges paragraphs 1 through 66 of this Complaint as if set forth herein.

68. Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

69. Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period that Plaintiff is totally disabled, as those words are defined in the Plan.

70. In breach of its obligations under the Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

71. Defendant stopped paying benefits to Plaintiff under the Plan, even though Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

72. Defendant breached the Plan when it stopped paying benefits to Plaintiff, even though Plaintiff was suffering totally disability, as that phrase is defined in the Plan. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

73. Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

74. As a result of Defendant's breach, Plaintiff suffered financial hardship.

75. By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violation of Ohio Insurance Code and DTPA

76. Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. Due to the aforementioned acts and omissions, Defendant has violated the Ohio Deceptive Trade Practices Act sections and articles in the following ways:

    (a) Insurance Code Article § 4165.02 by misrepresenting the terms or benefits and advantages of The Policy;

(b) Insurance Code Article § 4165.02 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c) Insurance Code Article § 4165.02 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d) Insurance Code Article § 4165.02 by misrepresenting the Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e) Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(e) Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(f) Defendant's interpretation of the definition of disability contained in the Policy is contrary to the plain language of the Policy, as it is unreasonable, arbitrary, and capricious;

(g) Defendant failed to furnish Plaintiff a Full and Fair Review;

(h) Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(i) Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(j) Defendant failed to credit Plaintiff's treating doctor's opinion;

(k) Defendant has wrongfully terminated Plaintiff's long-term disability benefits without evidence of improvement;

(l) Defendant's request for objective evidence was improper;

(m) Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(n) Defendant failed to consider the side effects of Plaintiff's medications;

(o) Defendant has wrongfully relied on internal reviewer's opinions as substantial evidence;

(p) Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(q) Defendant unreasonably ignored Plaintiff's Social Security Administration determination;

(r) Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(s) Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(t) Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(u) Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

78. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Ohio Rev. Code Ann. § 4165.02.

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

79. Plaintiff repeats and realleges paragraphs 1 through 78 of this Complaint as if set forth herein.

80. By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

81. The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injure, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

82. Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

    (a) By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

    (b) By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

    (c) By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

    (d) By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physician;

    (e) By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

    (f) By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g) By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h) By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

83. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

84. The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

85. Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

86. Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

87. Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

88. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Prompt Payment of Claim

89. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90. Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Ohio Rev. Code Ann. § 4165.02.

91. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Ohio Rev. Code Ann. § 4165.02.

92. Defendant delayed payment of Plaintiff's claim in violation of Ohio Rev. Code Ann. § 4165.02.

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

93. Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 92 of this Complaint as if fully set forth herein.

94. Plaintiff makes a claim for penalties of 8% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Ohio Rev. Code Ann. § 4165.02.

## XII. CAUSATION

95. The conduct described in this Petition was a producing and proximate cause of damage to Plaintiff.

## XIII. DECLARATORY RELIEF

96. Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 2721 of the Ohio Rev. Code Ann. Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. § 2721 Ohio Rev. Code Ann.

97. The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant. The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "disabled."

## XIV. ATTORNEYS FEES

98. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under the Ohio Remedies Code and the Ohio Rev. Code Ann.

## XV. REQUEST FOR DISCLOSURE

99. Pursuant to Rule 26 of the Ohio Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material included in the administrative record.

## XVI. JURY DEMAND

100. In accordance with Federal Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

101. Each of the actions described herein were done "knowingly" as that term is used in the Ohio Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

102. Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on

Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

103. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

104. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

105. Defendant's knowing violations of the Ohio Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

106. Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 8% per year as damages under Ohio Insurance Code Ohio Rev. Code Ann. § 4165.02.

107. Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Ohio Remedies Code and the Ohio Rev. Code Ann.

## XIX. PRAYER

108. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short-term and long-term disability benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short-term and long- term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

109. Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit

and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

110. Enter an award for such other relief as may be just and appropriate.

Dated: January 18, 2024

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.

By: <u>/s/ Selina Valdez – pending admission pro hac vice</u>
Selina Valdez
Tex. Bar No.
Fed. I.D. Bar No.
selina@marcwhitehead.com
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF, SHERRI SMITH

<u>/s/ Robert E. DeRose</u>
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street Suite 210
Columbus, OH 43219
PH: 614-221-4221
Facsimile: 614-744-2300
Email: bderose@barkanmeizlish.com

*Local Counsel for Plaintiff, Sherri Smith*